UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL OJEDA, | ) Case No. CV 09-7612-PA(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) PETITION FOR HABEAS CORPUS |
| | ) |
| Respondent. | ) |

On October 20, 2009, petitioner Raul Ojeda, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, naming as respondent the U.S. Department of Homeland Security. The petitioner candidly states on the face of the petition that he was "[d]eported and removed from the United States" "[o]n or about September 8, 2009[.]" Petition at 2. The petitioner challenges his deportation by conclusorily claiming, without setting forth any supporting facts, that because he is a United States citizen he was deprived of substantive due process of law, and other unidentified constitutional rights, when he was deported. Petition at 3.

**DISCUSSION**

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("the Act"), precludes this Court from having subject matter

1  jurisdiction to consider petitioner's claims.  <u>Momeni v. Chertoff</u>,
2  521 F.3d 1094, 1095 (9th Cir. 2008); <u>Iasu v. Smith</u>, 511 F.3d 881, 887-
3  88 (9th Cir. 2007); <u>see</u> <u>also</u> <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1041
4  (9th Cir. 2006) (The Act, "which became effective on May 11, 2005,
5  eliminated district court habeas jurisdiction, including jurisdiction
6  over orders of removal and vested jurisdiction to review such orders
7  exclusively in the courts of appeals."); <u>Alvarez-Barajas v. Gonzales</u>,
8  418 F.3d 1050, 1052 (9th Cir. 2005) (same).  Instead, such challenges
9  must be brought in the appropriate court of appeals, as provided for
10 in Section 106(a) of the Act:

> Notwithstanding any other provision of law (statutory or nonstatutory), **including section 2241 of Title 28, or any other habeas corpus provision**, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals . . . shall be the **sole and exclusive** means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" **include habeas corpus review pursuant to section 2241 of Title 28**, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

28 8 U.S.C. § 1252(a)(5)(emphasis added); <u>see</u> <u>also</u> 8 U.S.C. §

2

1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). Thus, for habeas petitions filed after the effective date of the REAL ID Act, "the district court plainly lack[s] jurisdiction" to consider petitioner's claim he is a United States citizen and the Government has no power to remove him. Iasu, 511 F.3d at 887-88; Momeni, 521 F.3d at 1095. Since this Court lacks subject matter jurisdiction to consider petitioner's claims, the habeas petition should be summarily dismissed.[1]

**ORDER**

IT IS ORDERED that Judgment shall be entered summarily dismissing the habeas corpus petition for lack of subject matter jurisdiction.

DATE: October 30, 2009

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: October 30, 2009

 /s/ Rosalyn M. Chapman
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 72-3.2 provides that "if it plainly appears from the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Rule 72-3.2.

R&R-MDO\09-7612.mdo
10/30/09